J-S95024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDY JOHNSON | |
| Appellant | No. 2893 EDA 2015 |

Appeal from the PCRA Order July 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007947-2010

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                     **FILED APRIL 11, 2017**

Randy Johnson appeals *pro se* from the July 17, 2015 order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, and granting his counsel's petition to withdraw.  We affirm.

The trial court accurately set forth the factual history of this case, which we incorporate and adopt herein.  Opinion, 3/17/16, at 3-4 ("1925(a) Op.").

On February 1, 2012, a jury found Johnson guilty of third-degree murder, possession of an instrument of crime ("PIC"), and firearms not to be carried without a license.[1]  That same date, following a stipulated bench

_____

[1] 18 Pa.C.S. §§ 2502(c), 907(a), and 6106(a)(1), respectively.

trial, the trial court found Johnson guilty of persons not to possess firearms.[2]

On April 2, 2012, the trial court sentenced Johnson to 14 to 28 years' incarceration for the third-degree murder conviction, a concurrent term of 5 to 10 years' incarceration for the conviction for persons not to possess firearms, and a consecutive term of 1 to 2 years' incarceration for the PIC conviction.[3]  Johnson filed a post-trial motion, which the trial court denied on May 17, 2012.  On June 1, 2012, Johnson filed a timely notice of appeal.  On March 20, 2013, this Court affirmed.  Johnson filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on August 20, 2013.

On December 2, 2013, Johnson filed a timely *pro se* PCRA petition. The PCRA court[4] appointed counsel, who filed a ***Turner/Finley***[5] letter and a motion to withdraw as counsel.  On June 23, 2015, the PCRA court filed notice of its intent to dismiss the PCRA petition without a hearing pursuant

_____

[2] 18 Pa.C.S. §6105(a)(1).

[3] The conviction for firearms not to be carried without a license merged for sentencing purposes.

[4] The Honorable Lillian H. Ransom was the judge for both the trial and the PCRA proceedings.  Judge Ransom was sworn in as a member of this Court in August 2016, following her appointment to the Court in June 2016. Judge Ransom was not involved in the review of this appeal.

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

to Pennsylvania Rule of Criminal Procedure 907. Johnson filed a response. The PCRA court dismissed the PCRA petition on July 17, 2015.[6] Johnson filed a timely notice of appeal.[7]

Johnson raises the following issue on appeal:

> 1. THE PCRA COURT ERRED AS A MATTER OF LAW AND ABUSED [ITS] DISCRETION WHEN ADOPTING PCRA COUNSEL'S ERRONEOUS ASSESSMENT OF [JOHNSONS] PCRA CLAIMS AS A BASIS FOR DISMISSING [JOHNSON'S] PCRA PETITION, DEPRIVING [JOHNSON OF] BOTH A FAIR AND MEANINGFUL PCRA REVIEW AND DUE PROCESS LAW.

_____

[6] Also on July 17, 2015, a docket entry indicates counsel was permitted to withdraw.

[7] As the PCRA Court noted:

> [Johnson's] Notice of Appeal was received by this Court on September 22, 2015. Attached to this Notice of Appeal was a letter which explained that [Johnson] attempted to send a Notice of Appeal on August 16, 2015, however the envelope which contained his Notice of Appeal was marked "Return to sender, attempted- not known, unable to forward" and returned to him on September 10, 2015. Also attached to Appellant's Notice of Appeal were two (2) exhibits. Exhibit "A" was a copy of the cash slip [Johnson] submitted on August 14, 2015. The cash slip features a signature by a Housing Unit CO dated August 16, 2015. Exhibit "B" was a copy of the August 19, 2015, date - stamped envelope with the aforementioned language. As such, this appeal was timely under the prisoner mailbox rule. **Commonwealth v. Jones**, 549 Pa. 58, 700 A.2d 423 (1997) (the prisoner mailbox rule is extended to all appeals by pro se petitioners; a cash slip may provide sufficient evidence of mailing). This appeal was docketed as 2893 EDA 2015 on October 6, 2015.

1925(a) Op. at 2 n.3.

> a) PCRA counsel's erroneous assessment of appellant's PCRA claims for relief deprived appellant of his state created right to the effective assistance of counsel during Post-Conviction [proceedings].

Johnson's Br. at 2.

Johnson first argues that the trial court erred by dismissing the ineffective assistance of counsel claims raised in his PCRA petition. He asserts that counsel was ineffective for: failing to file a motion in limine to preclude, or otherwise object to, testimony and arguments indicating that Johnson was a threat to two trial witnesses; failing to request a *Kloiber*[8] instruction; failing to request a competency hearing for two child witnesses; and failing to object to prosecutorial misconduct.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010)). "To demonstrate prejudice, the petitioner must show that 'there is a

---

[8] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

- 4 -

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.* at 312 (quoting *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

In his first ineffectiveness claim, Johnson maintains that his trial counsel was ineffective for failing to file a motion in limine to preclude, or otherwise object to, the testimony indicating that Johnson was a threat to witnesses Christopher Benene and Jermaine Smith.

The PCRA court addressed this claim, and found that it lacked merit because the testimony regarding the witnesses' fear was relevant and admissible to demonstrate the effect fear had on the witnesses' actions. We agree with and adopt the PCRA court's reasoning. *See* 1925(a) Op. at 7-8.

Johnson next argues trial counsel was ineffective for failing to seek a *Kloiber* instruction[9] for both Benene and Smith. He argues a *Kloiber*

---

[9] A *Kloiber* charge instructs the jury "that a witness'[s] identification should be viewed with caution . . . where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." *Commonwealth v. Ali*, 10 A.3d 282, 303 (Pa. 2010) (quoting *Commonwealth v. Gibson*, 688 A.2d 1152, 1163 (Pa. 1997)).
*(Footnote Continued Next Page)*

charge was proper as to Benene because he was taking prescribed medicine and marijuana at the time of the shooting and could not see the shooter. Johnson maintains a *Kloiber* charge was proper as to Smith because Smith denied seeing the shooter and denied identifying Johnson to the police. The PCRA court concluded that a *Kloiber* charge was not required because both witnesses knew Johnson before the shooting, made out-of-court identifications, and expressed fear in testifying. We agree with and adopt the PCRA court's reasoning. *See* 1925(a) Op. at 8-9.

Johnson next claims trial counsel was ineffective for failing to request a competency hearing for two child witnesses, K.M.A. and J.A. The PCRA court concluded that no competency hearing was required for K.M.A., who was 14 at the time of trial and, therefore, presumed competent.[10] 1925(a)

*(Footnote Continued)* ⸻

[10] The Pennsylvania Supreme Court has held that: "In general, a witness's competency to testify at trial is presumed and the burden falls on the objecting party to demonstrate the witness's incompetence. However, when a child under the age of fourteen is called to testify, the competency of the minor must be independently established." *Commonwealth v. Harvey*, 812 A.2d 1190, 1199 (Pa. 2002) (citations omitted). "[T]o be found competent, the minor must possess: (1) the capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers; (2) the mental capacity to observe the occurrence itself and the capacity to remember the matter about which she has been called to testify; and (3) a consciousness of the duty to speak the truth. *Id.* In *Harvey*, the Court concluded that although the trial court failed to conduct a hearing, the appellant's ineffective assistance of counsel claim failed. It reasoned that because the trial court "had the opportunity to observe [the witness's] demeanor and was the sole determiner of her truthfulness, the fact that the trial court did not engage in a distinct colloquy regarding the truthfulness aspects of her competency did not prejudice Appellant." *Id.*

*(Footnote Continued Next Page)*

Op. at 10. The PCRA court further found that, although it should have held a competency hearing for J.A., who was 12 at the time of trial, the ineffectiveness claim fails because the record established that the witness was able to understand the questions and to frame and express intelligent answers. *Id.* at 9-10. We agree with and adopt the PCRA court's reasoning. *See* 1925(a) Op. at 9-10.

Johnson next maintains his trial counsel was ineffective because he failed to object to the statements of the assistant district attorney ("ADA") about the veracity of J.A.'s and K.M.A's testimony. The PCRA court found this claim lacked merit because the ADA was responding to comments made by defense counsel that the testimony was inconsistent and the ADA did not ask that the jury find the witnesses credible based on his personal knowledge or on outside information. We agree with and adopt the PCRA court's reasoning. *See* 1925(a) Op. at 10-11.[11]

Accordingly, we conclude that the PCRA court did not err when it dismissed Johnson's PCRA petition.

_(Footnote Continued)_ ───────────────

Although Johnson had a jury trial, not a bench trial, the trial court was able to observe the testimony, and as the trial court noted, any "[m]inor inconsistencies in the testimony of J.A. were not a sufficient basis to find him incompetent." 1925(a) Op. at 9.

[11] PCRA counsel raised additional trial counsel ineffectiveness claims in his *Turner/Finley* letter. Johnson, however, does not argue these claims on appeal.

Johnson also argues that his PCRA counsel was ineffective for filing a **_Turner/Finley_** letter stating Johnson's claims were meritless.[12] The PCRA court concluded the PCRA counsel ineffectiveness claim lacked merit, because all underlying claims lacked merit. We agree with and adopt the PCRA court's reasoning. **_See_** 1925(a) Op. at 14-15.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

---

[12] Johnson has preserved his PCRA counsel ineffectiveness claim for our review because he raised the claim in response to the PCRA court's notice of intent to dismiss his petition. **_See Commonwealth v. Ford_**, 44 A.3d 1190, 1198 (Pa.Super. 2012).

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

**FILED:**

v.

MAR 1 7 2016

RANDY JOHNSON, APPELLANT

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0007947-2010

SUPERIOR CT: 2893 EDA 2015

## OPINION

RANSOM, J.                                                                March 17, 2016

On February 1, 2012, the Appellant, Randy Johnson, was found guilty by a jury sitting before this Court, of one (1) count of Third Degree Murder, a felony of the first degree; one count (1) of Possession of an Instrument of Crime ("PIC"), a misdemeanor of the first degree; and one count each of Violation of the Uniform Firearms Act ("VUFA") § 6105 and 6106; felonies of the second and third degree respectively. Sentencing was held on April 2, 2012, at which time the Appellant received fourteen to twenty-eight (14-28) years of incarceration for the Third Degree Murder and five to ten (5-10) years of incarceration for the VUFA convictions, to run concurrently. This Court also sentenced the Appellant to one to two (1-2) years of incarceration for PIC, to be served consecutively for an aggregate sentence of fifteen to thirty (15-30) years of imprisonment.

Appellant filed timely post-sentence motions which were denied. Appellant filed a timely Notice of Appeal on June 1, 2012. An Opinion was filed on September 25, 2012 and was affirmed by the Superior Court on March 20, 2013. A Petition for Allowance of Appeal was filed with our Supreme Court and denied thereafter on August 20, 2013.

1

On December 2, 2013, the Appellant filed a timely pro se PCRA Petition and James A. Lammendola, Esquire, was appointed counsel. Appellant filed an Amended pro se Petition on May 12, 2014. On May 6, 2015, counsel filed a Finley[1] letter and a Motion to Withdraw as Counsel.[2] On June 23, 2015, this Court filed a Dismissal Notice pursuant to Pennsylvania Rule of Criminal Procedure 907, and Appellant filed a timely response to the Dismissal Notice on July 14, 2015. On July 17, 2015, the Appellant's PCRA Petition was formally dismissed and counsel was permitted to withdraw by this Court. Appellant had thirty (30) days, or until August 16, 2015, to file an appeal. Pa.R.A.P. 903.

Appellant filed a Notice of Appeal on September 22, 2015.[3] On October 27, 2015, this Court ordered the Appellant to file a self-contained and intelligible statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Appellant filed a timely 1925(b) Statement on November 30, 2015. In his 1925(b) Statement, Appellant raises the following two (2) issues, copied verbatim:

(1) THE PCRA COURT ERRED AS A MATTER OF LAW AND ABUSED IT'S

DISCRETION WHEN ADOPTING PCRA COUNSEL'S ERRONEOUS

ASSESSMENT OF APPELLANT'S PCRA CLAIMS AS A BASIS FOR DISMISSING

---

[1] Commonwealth v. Finley, 550 A.2d 213 (Pa. Super 1998).

[2] This Finley letter and Motion to Withdraw were initially sent to SCI Albion, however Appellant was located at SCI Forest at the time. This Court sent PCRA counsel a letter indicating same on May 19, 2015. Thereafter, on June 5, 2015, PCRA counsel sent the Finley letter and Motion to Withdraw to SCI Forest via certified mail with a cover letter explaining that the documents were previously sent to SCI Albion.

[3] Appellant's Notice of Appeal was received by this Court on September 22, 2015. Attached to this Notice of Appeal was a letter which explained that the Appellant attempted to send a Notice of Appeal on August 16, 2015, however the envelope which contained his Notice of Appeal was marked "Return to sender, attempted- not known, unable to forward" and returned to him on September 10, 2015. Also attached to Appellant's Notice of Appeal were two (2) exhibits. Exhibit "A" was a copy of the cash slip Appellant submitted on August 14, 2015. The cash slip features a signature by a Housing Unit CO dated August 16, 2015. Exhibit "B" was a copy of the August 19, 2015, date-stamped envelope with the aforementioned language. As such, this appeal was timely under the prisoner mailbox rule. Commonwealth v. Jones, 549 Pa. 58, 700 A.2d 423 (1997) (the prisoner mailbox rule is extended to all appeals by pro se petitioners; a cash slip may provide sufficient evidence of mailing). This appeal was docketed as 2893 EDA 2015 on October 6, 2015.

APPELLANT'S PCRA PETITION, DEPRIVING APPELLANT BOTH A FAIR AND MEANINGFUL PCRA REVIEW AND DUE PROCESS OF LAW.

    A. PCRA counsel's erroneous assessment of the appellant's PCRA claims for relief deprived appellant of his state created right to the effective assistance of counsel during Post-Conviction Proceedings.

## FACTS

These charges stemmed from an incident that occurred on December 28, 2009, during which Appellant fatally shot Edward Rembert multiple times outside of a barbershop located on the 5200 block of Glenloch Street in the City and County of Philadelphia, Pennsylvania. Christopher Benene ("Benene") was at his friend Devon Gilliard's ("Gilliard") house across the street from the barbershop when he saw Appellant, whom he met a week earlier, walk from the corner of Bridge and Glenloch Streets to the barbershop. Appellant was met by a second male who came from the opposite direction. Appellant shot approximately five (5) times into the barbershop. The two (2) men then ran away. K.M.A, was in her home with her little brother, J.A. when she heard gunshots.[4] She and her brother looked out of a window to see three (3) men standing next to a tan car and a black car. Appellant went back to the barbershop and fired another shot. Appellant passed a gun to one of the two (2) males, and they left in the tan car. Appellant opened the hood of the black car with a flashlight in his hand, closed the hood and threw the flashlight on the front passenger seat. Appellant tried to start the car, but when that failed, he ultimately ran away.

Jermaine Smith ("Smith") was walking on Glenloch Street towards Bridge Street when he heard gunshots and ducked into an alleyway. Appellant saw three (3) men running away

---

[4] Both individuals were minors at the time of the incident. K.M.A was twelve (12) years-old at the time and J.A. was ten (10) years-old. (N.T. 1/26/12 at 8, 36-37).

3

towards Pratt Street. Smith identified one (1) of the males as the Appellant, someone he had met four to five (4-5) months prior. The Appellant was wearing a black hooded jacket with a fur vest earlier in the day, and Smith saw him wearing that same vest as Appellant ran away. Both Benene and Smith gave multiple statements to police. Maurice Wheeler ("Wheeler") and Tryee Harrison ("Harrison") both placed themselves at the barbershop at the time of the incident.

A black Buick Regal with a flashlight in the interior cabin was placed on a property receipt, and Appellant's fingerprints were subsequently lifted from the hood of the car and from the flashlight. Appellant's fiancé testified that she owned a black Buick Regal and Appellant borrowed it on the night of the incident, but did not return with it when he came home that night.

## LEGAL DISCUSSION

An order dismissing a petition for PCRA relief is reviewed in the light most favorable to the prevailing party at the PCRA level; this review is limited to the findings of the PCRA court and the evidence of record. Commonwealth v. Burkett, 5 A.3d 1260, 1267 (Pa.Super.2010). In considering PCRA claims an appellate court's scope of review is "limited to determining whether the order is supported by the record and is free of legal error." Commonwealth v. Fowler, 930 A.2d 586 (Pa. Super. 2007). The appellate court grants great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Commonwealth v. Carter, 21 A.3d 680, 682 (Pa. Super. 2011).

The Appellant raises two (2) issues on appeal. The first issue Appellant raises is:

**THE PCRA COURT ERRED AS A MATTER OF LAW AND ABUSED IT'S DISCRETION WHEN ADOPTING PCRA COUNSEL'S ERRONEOUS ASSESSMENT OF APPELLANT'S PCRA CLAIMS AS A BASIS FOR DISMISSING APPELLANT'S**

4

**PCRA PETITION, DEPRIVING APPELLANT BOTH A FAIR AND MEANINGFUL**

**PCRA REVIEW AND DUE PROCESS OF LAW.**

Under Pennsylvania law, the PCHA[5] petitioner's right to counsel is established by rule of

the Pennsylvania Supreme Court in Commonwealth v. Turner, 518 Pa. 491, 495, 544 A.2d 927,

928 (1988) and Pa.R.Crim.P. 904 which provides in pertinent part:

> (C) Except as provided in paragraph (H), when an unrepresented defendant
> satisfies the judge that the defendant is unable to afford or otherwise procure
> counsel, the judge shall appoint counsel to represent the defendant on the
> defendant's first petition for post-conviction collateral relief.
> (D) On a second or subsequent petition, when an unrepresented defendant
> satisfies the judge that the defendant is unable to afford or otherwise procure
> counsel, and an evidentiary hearing is required as provided in Rule 908, the judge
> shall appoint counsel to represent the defendant.
> (E) The judge shall appoint counsel to represent a defendant whenever the
> interests of justice require it.

Pa.R.Crim.P. 904. Our Supreme Court held in Turner that the PCRA petitioner is accorded all

the protection incorporated in the right to appointed counsel in collateral proceedings under the

PCRA where the procedure announced in Commonwealth v. Finley, 330 Pa.Super. 313, 322, 479

A.2d 568, 571-72 (1984) is followed. Turner and Finley mandate an independent review of the

record by competent counsel before a PCRA court or appellate court can authorize an attorney's

withdrawal. Pennsylvania v. Finley, 481 U.S. 551, 558, 107 S. Ct. 1990, 1995, 95 L. Ed. 2d 539

(1987); Finley, 330 Pa.Super. at 317-18.

The "independent review" necessary to assure a withdrawal request by competent PCRA

counsel requires proof of: 1) A "no-merit" letter by PCRA counsel detailing the nature and

extent of his review; 2) The "no merit" letter by PCRA counsel listing each issue the petitioner

wished to have reviewed; 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why

the petitioner's issues were meritless; 4) The PCRA court conducting its own independent review

---

[5] PCHA is the precursor to the PCRA, and all references to the PCHA will be changed to PCRA for ease of readability.

of the record; and 5) The PCRA court agreeing with counsel that the petition was meritless. Finley, supra. Counsel must also serve upon his client contemporaneously: 1) a copy of the "no-merit" letter/brief; 2) a copy of counsel's petition to withdraw; and 3) a statement advising petitioner that if the court granted counsel's withdrawal request, the client has the right to proceed pro se or by new counsel. Commonwealth v. Friend, 896 A.2d 607, 615 (Pa.Super.2006).

Appellant first challenges this Court's decision to deny relief based on PCRA counsel's Turner/Finley no-merit letter. Pursuant to the requirements in Finley, PCRA counsel "reviewed the quarter sessions file, corresponded with Appellant, reviewed all the relevant notes of testimony, and reviewed all applicable law." (Finley Letter at 1). PCRA counsel listed and addressed each issue Appellant wished to have reviewed. Id. Counsel came to the conclusion that the issues raised by Appellant did not entitle him to relief. Id. Counsel also concluded that no other issues existed that could be raised in a counseled petition, and therefore it was counsel's professional opinion that it would be fruitless to file an amended petition. Id. A review of the record confirms that the allegations raised in Appellant's pro se Petition lacked merit and Appellant received the review he was due under the PCRA.

To obtain relief under the PCRA, the conviction or sentence must have resulted from one (1) or more of the errors specifically enumerated in 42 Pa.C.S. § 9543(a)(2), including ineffective assistance of counsel. Id.; § 9543(a)(2)(ii). In his pro se petition, Appellant asserted that trial counsel rendered ineffective assistance via seven (7) sub-issues, and he believed that the cumulative effects of the errors asserted in his seven (7) sub-issues entitled him to a new trial. Under the P.C.R.A., counsel is presumed to be effective and Appellant bears the burden of establishing ineffectiveness. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975–76

6

(1987) To establish ineffective assistance of counsel, a petitioner must demonstrate, by a preponderance of the evidence, that: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Chmiel, 612 Pa. 333, 30 A.3d 1111, 1127 (2011) (employing ineffective assistance of counsel test from Pierce, 527 A.2d 973). If an appellant fails to satisfy any prong of this test, the Court must reject the ineffectiveness claim. Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). Where a claim of ineffective assistance of counsel is the basis of a PCRA petition, "a petitioner must establish ineffectiveness was of type "which in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Garnett, 613 A.2d 569, 571 (Pa. Super. 1992), appeal denied, 621 A.2d 1265, 1267 (Pa. Super. 1993), quoting Commonwealth v. Thomas, 578 A.2d 422, 425 (Pa. Super 1990), quoting 42 Pa.C.S.A. § 9543(a)(2)(ii).

The first sub-issue Appellant sought to raise in his pro se Petition argued that trial counsel was ineffective for failing to file a Motion in Limine to preclude the Commonwealth from eliciting testimony which indicated that the Appellant was a threat to Commonwealth witnesses Benene and Smith. Benene testified that he failed to implicate Appellant as the shooter in his first statement to police because he was "scared of [Appellant] because of what [he] saw him do with a gun". (N.T. 1/24/12 at 85-86, 91-94). Benene's fear was also mentioned by the interviewing detective and by the prosecutor for the Commonwealth. (N.T. 1/30/12 11, 36, 55-57, 153-155). Smith testified that "he was scared for [his] life". (N.T. 1/26/12 at 105-106). The Appellant asserts these statements permitted the jury to infer that Appellant was dangerous and had a propensity to commit crime. (Petitioner's Memorandum of Law in Support of Petition for

7

Post Conviction Relief hereinafter "Petitioner's Memorandum of Law" at 2). However, as Appellant points out, "there were no 'specific circumstances' connecting Benene and Smith's feelings or perceptions to Johnson." Id. at 5. Benene and Smith's testimony of fear of endangerment was relevant and admissible to demonstrate the effect fear had on their actions. Commonwealth v. Collins, 702 A.2d 540, 544 (Pa. 1997). As a result, this issue was meritless.

The second sub-issue proposed that trial counsel was ineffective for failing to request a Kloiber[6] charge as a result of the unreliable identification testimony of Benene and Smith. Specifically, Appellant asserted that Benene was not taking medicine he was prescribed at the time of the shooting, could not see the shooter, and was high on marijuana. (Petitioner's Memorandum of Law at 6). Appellant claims Smith's testimony that he could not identify the hooded men running and Smith's subsequent denial of identifying Appellant to police made a Kloiber charge appropriate. Id. However, a Kloiber charge was not required as both men knew Appellant prior to the shooting, made out-of-court identifications of Appellant to police, and expressed fear in testifying. (N.T. 1/24/12 at 78-8, 85-86, 91-94; 1/26/12 at 106, 110). Kloiber instructions are appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty making an identification in the past. Commonwealth v. Rollins, 558 Pa. 532, 738 A.2d 435, 448 n. 14 (1999). There was no evidence that the view of either witness was obscured. Both men's familiarity with the Appellant created an independent basis for their identification and weakened his ineffective assistance of counsel claim based on failure to seek a Kloiber instruction. Commonwealth v. Ali, 608 Pa. 71, 10 A.3d 282, 303 (2010) (citations omitted). Smith described Appellant as wearing a distinctive black hooded coat with an attached

---

[6] Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954) (where a witness was not in a position to observe the assailant clearly, or had previously failed to identify the defendant, the court must instruct the jury to receive the witness' identification testimony with caution).

8

black fur vest before the incident and at the time of the incident. (N.T. 1/26/12 at 107-110). In the instant case, the prior inconsistent testimony of Benene and Smith based on fear of endangerment did not equate to a failure of ability to identify the Appellant. Commonwealth v. Fisher, 572 Pa. 105, 813 A.2d 761, 770–71 (2002). As such, a Kloiber charge was not required, and Appellant's claim fails. Commonwealth v. Reid, 99 A.3d 427, 448, 449 (Pa. 2014).

Third, Appellant asserted that trial counsel was ineffective for failing to request competency hearings for Commonwealth witnesses K.M.A. and J.A. who were both under the age of fourteen at the time of the incident. The Appellant claimed that the need for a competency hearing was evinced by inconsistencies between the testimony and statements of each child. (Petitioner's Memorandum of Law at 8). He further posited that J.A.'s account of the facts may have been influenced by any discussion with K.M.A. and the detective who took his statement. Id. at 9. Witnesses over the age of fourteen (14) are presumed to be competent; earlier case law has held that for witnesses under fourteen (14) years of age, "there must be judicial inquiry as to mental capacity, which must be more searching in proportion to chronological immaturity". Roche v. McCoy, 156 A.2d 307, 310 (Pa. 1959). However, more recent cases have held that a separate colloquy in order to determine the understanding of the oath is not necessary if the trial court has the opportunity to observe the minor's demeanor. Commonwealth v. Harvey, 571 Pa. 533, 812 A.2d 1190, 1199 (2002) (concluding that while the trial court should have held a competency hearing for a thirteen (13) year-old child witness to a shooting, the record demonstrated that the child was able to understand the questions presented and was able to formulate intelligent answers and therefore the defendant was not prejudiced). While a competency hearing should have been held for J.A. who was twelve (12) years-old at the time of trial, he was able to understand the questions asked by counsel and was able to frame and express

9

intelligent answers to those questions.[7] (N.T. 1/26/12 at 35-63). Minor inconsistencies in the testimony of J.A. were not a sufficient bases to find him incompetent. Commonwealth v. Davis, 394 Pa.Super. 591, 576 A.2d 1005, 1009 (1990), rev'd on other grounds, 532 Pa. 297, 615 A.2d 732 (1992). Appellant offered no factual support for his allegations that J.A. was possibly influenced by any discussion with K.M.A. or the detective who took his statement. Notwithstanding, any challenges defense counsel would have raised regarding J.A.'s testimony would have been denied; therefore, this claim was meritless.

Appellant asserted in his fourth sub-issue that counsel was ineffective for failing to object to statements by the Commonwealth about the veracity of J.M.A. and K.A.'s testimony, which the Appellant claims amounted to prosecutorial misconduct. Generally, comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Commonwealth v. Burton, 491 Pa. 13, 417 A.2d 611 (1980). A prosecutor does not engage in misconduct when his statements are based on the evidence or made with oratorical flair. Commonwealth v. Marshall, 534 Pa. 488, 633 A.2d 1100, 1110 (1993). Additionally, a prosecutor must be permitted to respond to arguments made by the defense. Commonwealth v. Clayton, 516 Pa. 263, 532 A.2d 385, 396 (1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988). Here, the Commonwealth was responding to comments made by trial counsel about the inconsistency of siblings' testimony, and the Commonwealth entreated the jury to conclude that the children were credible considering the circumstances and corroborating evidence. (N.T. 1/30/12 at 121, 133-135, 137, 144-146). Improper bolstering or vouching for a

---

[7] K.M.A was 14 years old at the time of trial. (N.T. 1/26/12 at 7-8). Consequently, she was presumed competent to testify.

10

government witness occurs where the prosecutor assures the jury that the witness is credible, and such assurance is based on either the prosecutor's personal knowledge or other information not contained in the record. Commonwealth v. Williams, 586 Pa. 553, 583, 896 A.2d 523, 541 (2006). At no point during closing argument did the prosecutor ask the jury to find K.M.A. or J.A. credible based on his personal knowledge or any information outside of testimony presented at trial. Moreover, Appellant could not show he was prejudiced by the Commonwealth's comments. Appellant's position was devoid of merit.

In his fifth sub-issue, Appellant asserted trial counsel was ineffective for failing to call three (3) witnesses, two (2) of which were subpoenaed and failed to appear in court. Appellant maintained that the testimony of Gilliard, Annette Gouse ("Gouse"), and Gerardo Vega ("Vega") would have changed the outcome of trial. (Petitioner's Memorandum at 12). A defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel. Commonwealth v. Lawson, 762 A.2d 753, 756 (Pa. Super. 2000). Appellant is precluded from relief. During a colloquy by this Court, trial counsel explained that Gouse and Vega were subpoenaed to testify but failed to appear, and Appellant confirmed that he wished to continue without them. (N.T. 1/30/12 at 97-104). At the time of the colloquy Appellant made no mention of his desire to call Gilliard. Id. As a consequence, this claim of counsel's ineffectiveness for failing to call witnesses is rejected. Commonwealth v. Pander, 100 A.3d 626 (Pa. Super. 2014).

Appellant averred in his sixth sub-issue that trial counsel was ineffective for not objecting on confrontation grounds to the testimony of Firearms Examiner Kelly Walker ("Walker") because she was not the primary examiner who created the ballistics report furnished at trial. Although Walker explained she was co-examiner of the report and personally tested the evidence

11

after the primary examiner to reach her own conclusions, Appellant cites her lack of personal notes on the report and her inability to explain discrepancies between the location of physical evidence and contents of the ballistics report to assert that his right to confrontation was violated. (Petitioner's Memorandum at 14; N.T. 1/27/12 at 72-75). The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the use of testimonial out-of-court statements unless the witness is unavailable and the defendant had the prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 53-56 (2004). Scientific reports prepared for trial qualify as testimonial statements subject to the Confrontation Clause, and the defendant must be allowed to confront the analyst responsible for the scientific conclusions admitted against him. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 310-311 (2009). Appellant was afforded the full opportunity to confront the analyst responsible for the scientific conclusions admitted against him, as Walker conducted her own examination which confirmed the findings of the primary examiner and she was cross-examined on those findings. (N.T. 1/27/12 at 116, 114-128). Walker's inability to explain the discrepancy between the ballistics report's cited source of Fired Cartridge Casings and the source for those same items listed by the property receipt did not change Appellant's ability to confront the analyst who prepared the report. Id. at 121-124. This claim was also devoid of merit.

In Appellant's seventh sub-issue, he asserted trial counsel was ineffective for failing to present an alternative defense. Appellant averred that counsel should have argued specifically that the two (2) other hooded men witnesses saw could not have been Harrison and Wheeler because they both hid in the bathroom of the barbershop and were not charged with Conspiracy as Appellant was. (Petitioner's Memorandum of Law at 15-17). Counsel's strategic decision to present a defense highlighting the inconsistencies in the Commonwealth's case did not constitute

ineffective assistance as it was the result of reasonable professional judgement. Strickland v. Washington, 466 U.S. 668, 699, 104 S. Ct. 2052, 2071, 80 L. Ed. 2d 674 (1984). Trial counsel explored holes in identification testimony, pointed out portions of testimony he found incredible, and attacked the Commonwealth's theory of the case. (N.T. 1/30/12 at 114-128). Because this was a reasonable course of action, Appellant's claim fails. Commonwealth v. Paolello, 542 Pa. 47, 665 A.2d 439, 454 (1995).

The last allegation made by Appellant, that he was entitled to a new trial on account of the cumulative, prejudicial effects of the aforementioned errors, was equally unavailing. No number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually, except occasionally where the individual claims are all rejected solely for lack of prejudice. Commonwealth v. Eichinger, 108 A.3d 821, 849 (Pa. 2014). Instantly, as PCRA counsel outlined, each of Appellant's individual ineffectiveness claims are rejected for failing one (1) or more of the first two (2) prongs of the Pierce test; none were rejected solely for lack of prejudice. Therefore, there was no basis for an accumulation claim.

Upon reviewing Appellant's PCRA petition, Amended PCRA Petition, Memorandum of Law, all Notes of Testimony and PCRA counsel's Turner/Finley letter and accompanying Motion to Withdraw, this Court agreed with PCRA counsel's legal assessment. The record supports PCRA counsel's position that Appellant's Petition was meritless. Pursuant to Friend PCRA counsel provided Appellant with a copy of his no-merit letter and Motion to Withdraw, and Appellant was apprised of his appeal rights by PCRA counsel. Hence, Appellant received an independent review of his PCRA by competent counsel and by the court. Accordingly, Appellant's first pro se claim fails.

13

The second issue Appellant raises is:

**PCRA counsel's erroneous assessment of the appellant's PCRA claims for relief deprived appellant of his state created right to the effective assistance of counsel during Post-Conviction Proceedings.**

When counsel files a Turner/Finley no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss. Commonwealth v. Ford, 2012 PA Super 98, 44 A.3d 1190 (2012). Appellant followed the procedure outlined in Ford and his claim of PCRA counsel's effectiveness is properly preserved.

Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. Commonwealth v. Chmiel, 612 Pa. 333, 30 A.3d 1111, 1128 (2011); see also Commonwealth v. Reyes, 582 Pa. 317, 870 A.2d 888 (2005); Commonwealth v. McGill, 574 Pa. 574, 832 A.2d 1014 (2003). Our Superior Court in Commonwealth v. Rykard, 2012 PA Super 199, 55 A.3d 1177, 1190 (2012) stated:

> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims," because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]"Commonwealth v. Collins, 585 Pa. 45, 888 A.2d 564, 584 (Saylor, J. concurring) (2005); Reyes, supra at 896 (proving three prong ineffectiveness test for trial counsel establishes arguable merit to appellate counsel's ineffectiveness).

Rykard. See Appellant's first issue for a discussion of Appellant's rights under the PCRA, and the Pierce test for establishing ineffective assistance of counsel.

14

Although the Appellant quite completely delineated the applicable standard of law relating to ineffectiveness of trial counsel and PCRA counsel, he failed to meet his burden[8]. This Court finds nothing in the Turner/Finley letter to suggest that PCRA counsel's method of advocacy constituted ineffective assistance of counsel. The record demonstrates that PCRA counsel properly addressed each of Appellant's numerous claims of trial counsel's ineffectiveness. Counsel will not be considered ineffective for failing to pursue meritless claims. Thus, this Court concludes that Appellant's position is meritless for the reasons outlined in the discussion of his first issue. No relief is due.

## CONCLUSION

For the reasons set forth above, the decision of this Court should be affirmed.

BY THE COURT:

Ransom, J.

---

[8] Appellant notes his dissatisfaction with PCRA counsel in his pleading, "Objections to the June 23, 2015, Order of the Court Pursuant to PA Rule of Criminal Procedure 907 Notice of Intent to Dismiss".

15

**Re:** **Commonwealth v. Randy Johnson**
**CP-51-CR-0007947-2010**
**2893 EDA 2015**

**TYPE: OPINION**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defendant:              Randy Johnson
                        KL9547
                        SCI Forrest
                        286 Woodland Drive,
                        P.O. Box 945
                        Marienville, PA  16239

Type of Service:       ( ) Personal Service  ( ) First Class Mail   ( X ) Other: <u>Certified</u>

District Attorney:      Robin Godfrey, Esquire
                        Chief PCRA Unit
                        Philadelphia District Attorney's Office
                        Widener Building - Three South Penn Square
                        Philadelphia, PA 19107

Type of Service:       ( ) Personal Service  ( X ) First Class Mail  ( ) Other: _____

Date: <u>March 17, 2016</u>

Tianna K. Kalogerakis, Esq.
Law Clerk to the Hon. Lillian H. Ransom